FILED

**NOT FOR PUBLICATION**

NOV 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHAO HSIEN LEE, AKA Zhao Xian Li, AKA Zhao Xien Li, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-71094 <br><br> Agency No. A070-170-176 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 23, 2015
Pasadena, California

Before: KOZINSKI, IKUTA, and OWENS, Circuit Judges.

Petitioner Zhao Hsien Lee appeals the denial of his motion to reopen in

absentia deportation proceedings. The Board of Immigration Appeals (BIA) held

that Lee's motion was time- and number-barred under 8 C.F.R. § 1003.2(c)(2)

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

because he could not establish changed country conditions. We have jurisdiction under 8 U.S.C. § 1252.

We are precluded from addressing Lee's claim because the issue was finally decided in immigration proceedings that Lee initiated in New York for the same purpose, under a separate alien registration number. *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012) (holding that collateral estoppel applies in the context of immigration proceedings); *see also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302–04 (2015) (issue preclusion generally applies when the same issue is before a court and a federal administrative agency).

The issue — whether Lee produced material evidence of a change in country conditions so as to meet the requirements for reopening immigration proceedings under 8 C.F.R. § 1003.2(c) — is identical in both proceedings because the BIA considered the same evidence in both cases. *See Oyeniran*, 672 F.3d at 806.

This issue was actually litigated and decided in the prior proceedings. *See id*. Further, the BIA's decision became final after 30 days as a result of Lee's failure to pursue an appeal of the June 20, 2012 decision to the Second Circuit. *See* 8 U.S.C. § 1252(b)(1); *see also Wehrli v. Cty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999) (stating that we accord preclusive effect to administrative proceedings

2

"where judicial review of the administrative adjudication was available but unused").

There was a full and fair opportunity to litigate the issue in New York, where Lee filed the same motion to reopen with the BIA and had the same opportunity to brief his claims. *See Oyeniran*, 672 F.3d at 806; *see also Medina-Lara v. Holder*, 771 F.3d 1106, 1118–19 (9th Cir. 2014). Finally, the issue of whether Lee established a change in country conditions was necessary to decide the merits of his motion to reopen.

**DISMISSED**.

*Lee v. Lynch*, No. 12-71094

OWENS, Circuit Judge, dissenting:

I respectfully dissent. I would prefer to remand this petition to the BIA so it can decide, in the first instance, whether preclusion is appropriate here.